# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANTONIO MILLAN-RODRIGUEZ, | Case No. 1:17-cv-01573-AWI-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO (1) GRANT RESPONDENT'S MOTION TO DISMISS AND ALTERNATIVELY TO DENY HABEAS PETITION, AND (2) DENY THE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JEFFERSON B. SESSIONS,[1] | |
| Respondent. | |
| | ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION |
| | (ECF No. 17) |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND[2]

### A.  Immigration Proceedings

Petitioner is a citizen of Mexico who was brought to the United States by his parents when he was approximately one year old. Petitioner was previously removed to Mexico in 2005, 2008, 2010, and 2013. On June 4, 2013, Petitioner made a false claim to United States

---

[1] In related case Milan-Rodriguez v. Sessions, Case No. 1:16-cv-01578-AWI-SAB, this Court previously found Attorney General Jefferson B. Sessions to be an appropriate respondent in Petitioner's habeas action that challenged his immigration detention. (ECF No. 39 at 1 n.1). Accordingly, the Court hereby substitutes Jefferson B. Sessions as Respondent in this matter.

[2] Portions of this background section are taken from the findings and recommendation issued in related case Milan-Rodriguez v. Sessions, Case No. 1:16-cv-01578-AWI-SAB.

1

citizenship at the San Ysidro port of entry. On October 21, 2013, Petitioner was convicted of a violation of 8 U.S.C. § 911.

On December 18, 2013, the Department of Homeland Security ("DHS") issued a notice to appear and charged Petitioner with being subject to removal for falsely representing himself to be a United States citizen to gain entry to the United States, in violation of section 212(a)(6)(C)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(C)(ii). On August 4, 2014, an immigration judge ("IJ") denied Petitioner relief from removal and ordered Petitioner removed to Mexico. On November 20, 2014, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. Petitioner has filed multiple petitions for review and appeals, some of which remain pending before the United States Court of Appeals for the Ninth Circuit. On February 26, 2015, the Ninth Circuit granted Petitioner a stay of removal. Order, Millan-Rodriguez v. Sessions, No. 14-73589 (9th Cir. Feb. 26, 2015), ECF No. 8.

**B. Immigration Bond Hearings**

Petitioner has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since December 3, 2013. On January 6, 2016, Petitioner appeared via video teleconference for a bond hearing. Petitioner was granted additional time to prepare for the hearing, and on January 20, 2016, Petitioner and his wife testified in support of his request for release. (ECF No. 17-1 at 4–16).[3] At the conclusion of the hearing, the IJ found Petitioner to be a flight risk and ordered that he remain detained. (ECF No. 17-1 at 18–19). On February 17, 2016, the IJ issued a written decision denying bond, finding that Petitioner was both a danger to the community and a flight risk. (ECF No. 17-1 at 21–24). On April 21, 2016, the BIA dismissed Petitioner's appeal of the bond proceeding.

On August 3, 2016, Petitioner received another bond hearing, which was continued to August 24, 2016 at the request of Petitioner. At the end of the hearing, the IJ reserved his decision in light of the voluminous documentation. (ECF No. 17-1 at 37–38). On September 15, 2016, the IJ found "no new material facts have emerged that materially alter this court's conclusion that [Petitioner] should be detained without bail." (ECF No. 17-1 at 41–42).

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

On April 26, 2017, Petitioner appeared via video teleconference for another bond hearing. (ECF No. 17-1 at 45). Neither the government nor the IJ had any questions for Petitioner. Petitioner declined to state anything further on the record and rested on the papers. (Id. at 49–51). At the end of the hearing, the IJ reserved his decision because he wished to review all the documents again. (Id. at 51). Thereafter, Petitioner's request for a change in custody status was denied in a form order. (ECF No. 1 at 110; ECF No. 17-1 at 56). Petitioner appealed the IJ's April 26, 2017 decision denying Petitioner's request for a change in custody status. However, the BIA requires that a form order denial "be accompanied by a memorandum setting forth the rationale for the Immigration Judge's decision." (ECF No. 17-1 at 56) (citing Matter of Daryoush, 18 I&N Dec. 352 (BIA 1982)). Additionally, the IJ had requested that the case be returned to the immigration court so that the record could be supplemented with relevant documentation. Therefore, on August 29, 2017, the BIA returned the record "to the Immigration Court for further action, as appropriate. The record should then be certified back to the Board by the Immigration Judge." (ECF No. 17-1 at 56).

Thereafter, on October 3, 2017, "[c]ontinued Rodriguez bond proceedings" were held. (ECF No. 17-1 at 59). At the outset of the hearing, the IJ stated that he had not issued a written memorandum with respect to the April 26, 2017 hearing because he was unsure whether he had jurisdiction in light of Petitioner mentioning that additional petitions for review and appeals had been filed and it was unclear whether any stays had been issued. (ECF No. 17-1 at 61–62). At the end of the hearing, the IJ reserved his decision because he wished to review certain new information. (Id. at 66). On October 20, 2017, the IJ issued a written decision denying Petitioner's motion for custody redetermination. (Id. at 69–72). On February 15, 2018, the BIA dismissed Petitioner's appeal of the bond decision. (Id. at 75–77).

**C. Previous Federal Habeas Proceeding**

On May 5, 2016, Petitioner filed a petition for review in the Ninth Circuit regarding the BIA's April 21, 2016 bond redetermination decision. On October 19, 2016, the Ninth Circuit construed the petition for review as an original petition for writ of habeas corpus and transferred the matter to this Court.

On February 10, 2017, Petitioner filed an amended petition, asserting that: (1) the immigration judge denied due process by failing to consider the length of Petitioner's detention when determining bond; (2) Petitioner was not provided comprehensive notice of his January 6 and August 3, 2016 bond hearings; (3) the immigration judge erroneously concluded that Petitioner's strong "family ties give him incentive not to appear" for removal; (4) Petitioner's prolonged detention violates the Eighth Amendment's prohibition against cruel and unusual punishment; (5) Petitioner's prolonged detention violates due process; (6) Petitioner's prolonged detention constitutes an increased penalty for his past convictions; (7) Petitioner's transfer to a facility in Louisiana violated his substantive due process rights and jeopardizes his parental rights; and (8) loss of filial and parental consortium. On April 24, 2017, Respondent filed a motion to dismiss.

On January 12, 2018, the undersigned issued findings and recommendation to deny both the motion to dismiss and the amended petition for writ of habeas corpus. On March 9, 2018, the District Judge adopted the findings and recommendation except for the application of <u>Rodriguez v. Robbins</u> (<u>Rodriguez III</u>), 804 F.3d 1060 (9th Cir. 2015), which had subsequently been reversed by <u>Jennings v. Rodriguez</u>, 138 S. Ct. 830 (2018).

### D.  Instant Federal Habeas Petition

On November 28, 2017, Petitioner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner asserts that the immigration judge repeatedly violated due process by failing to apply the clear and convincing evidence standard and failing to place the burden on the government at four different bond hearings in addition to challenging the immigration judge's failure to rule from the bench at the last three bond hearings. (ECF No. 1 at 16–21). On April 9, 2018, Respondent filed a motion to dismiss and alternatively to deny the petition. (ECF No. 17). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 20, 21).

///

///

///

## II.

## DISCUSSION

### A. Claim Preclusion

Respondent contends that claim preclusion bars litigation of all of the claims raised in the instant federal habeas petition. (ECF No. 17 at 3–7). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). The Ninth Circuit has held that "[c]laim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). "The party asserting a claim preclusion argument 'must carry the burden of establishing all necessary elements.'" Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855 (9th Cir. 2016) (quoting Taylor, 553 U.S. at 907).

The Ninth Circuit looks to four criteria to evaluate where there is an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Howard v. City of Coos Bay, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting Harris, 682 F.3d at 1132). "These criteria are not applied 'mechanistically[,]' [and] '[t]he fourth criterion is the most important.'" Howard, 871 F.3d at 1039 (first quoting Garity, 828 F.3d at 855; then quoting Harris, 682 F.3d at 1132). The Ninth Circuit has held "that for purposes of federal common law, claim preclusion does not apply to claims that accrue after the filing of the operative complaint." Howard, 871 F.3d at 1040.

The operative complaint in the prior related proceeding was Petitioner's first amended petition, which was filed on February 10, 2017. Therefore, the Court finds that claim preclusion does not apply to the claims arising from Petitioner's bond hearings that were held on April 26, 2017 and October 3, 2017.

///

### B. Due Process Claims

In the petition, Petitioner asserts that the immigration judge repeatedly violated due process by failing to apply the clear and convincing evidence standard and failing to place the burden on the government at four different bond hearings. (ECF No. 1 at 16–18). In support of his claim that the IJ did not apply the clear and convincing evidence standard, Petitioner points to the IJ not issuing oral decisions from the bench at the hearings and instead issuing written decisions at a later date. (ECF No. 1 at 18–21; ECF No. 20 at 8–12). As noted above, claim preclusion does not apply to the claims arising from Petitioner's bond hearings that were held on April 26, 2017 and October 3, 2017. Therefore, the Court will only look at those two bond proceedings.

At the time of the two pertinent bond proceedings, the Ninth Circuit required automatic bond hearings at six-month intervals for individuals detained for more than twelve months. At these bond hearings, the government bore the burden of proving by clear and convincing evidence that the detainee was a danger to the community or a flight risk. Rodriguez III, 804 F.3d at 1085–89.[4] To determine whether a noncitizen detained under 8 U.S.C. § 1226(a) presents a flight risk or a danger to the community, immigration judges should consider the factors set forth in In re Guerra, 24 I. & N. Dec. 37 (B.I.A. 2006). Singh, 638 F.3d at 1206. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable." Guerra, 24 I. & N. Dec. at 40.

After the April 26, 2017 hearing, the IJ denied Petitioner's request for a change in custody status in a form order. (ECF No. 1 at 110; ECF No. 17-1 at 56). The IJ did not issue a memorandum setting forth the rationale for the decision or the applicable legal standard and burden of proof. It appears that the IJ was unsure whether he had jurisdiction because Petitioner

---

[4] On February 27, 2018, the Supreme Court issued its decision in Jennings v. Rodriguez, 138 S. Ct. 830 (2018), which reversed Rodriguez III. The Supreme Court held that the Ninth Circuit misapplied the constitutional avoidance canon to find a statutory right under 8 U.S.C. § 1226(a) to "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." Jennings, 138 S. Ct. at 842, 847–48. The Supreme Court remanded the case to the Ninth Circuit "to consider [the] constitutional arguments on their merits." Id. at 851. Because the Court finds that Petitioner received a bond hearing where the Attorney General proved by clear and convincing evidence that continued detention was necessary, the Court need not determine the effect of Jennings on claims raised in Petitioner's habeas petition.

had mentioned additional petitions for review and appeals had been filed and it was unclear whether any stays had been issued. (ECF No. 17-1 at 61–62). However, Petitioner has not demonstrated prejudice stemming from error, if any, that occurred at the April 26, 2017 proceeding in light of the October 20, 2017 written memorandum decision in which the IJ explicitly found, "On the facts of this case, *the government has shown by clear and convincing evidence* that [Petitioner] is a danger to the community and an appear risk, and no condition, combination of conditions, or alternatives to detention, can reasonably assure the safety of the community or [Petitioner]'s appearance." (ECF No. 17-1 at 72) (emphasis added). See Prieto-Romero v. Clark, 534 F.3d 1053, 1066 (9th Cir. 2008) (citing Getachew v. INS, 25 F.3d 841, 845 (9th Cir. 1994)) (noting that due process violations in immigration proceedings are subject to harmless error analysis).

Petitioner points to the IJ not issuing oral decisions from the bench at the hearings and instead issuing written decisions after the hearings to assert that the clear and convincing evidence standard was not applied or satisfied. (ECF No. 1 at 18–21; ECF No. 20 at 8–12). As noted by Respondent, however, regulations provide that "[t]he determination of an Immigration Judge with respect to custody status or bond redetermination shall be entered on the appropriate form *at the time such decision is made* and the parties shall be informed orally *or in writing* of the reasons for the decision." 8 C.F.R. § 1003.19(f) (emphasis added). Petitioner has not presented authority to support his contention that a bond redetermination decision must be made orally at the time of the hearing. The immigration judge stated on the record his reason for declining to issue decisions at the hearings was "to read everything over again, carefully" and to "look at these documents." (ECF No. 17-1 at 51, 66).

Petitioner received an individualized determination by a neutral decision maker who applied the correct legal standard and looked at the Guerra factors in determining whether Petitioner posed a danger or flight risk. Accordingly, Petitioner is not entitled to habeas relief on the ground that the immigration judge failed to apply the clear and convincing evidence standard and place the burden on the government at the April 26, 2017 and October 3, 2017 bond hearings.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss and alternatively to deny habeas petition (ECF No. 24) be GRANTED; and

2. The petition for writ of habeas corpus (ECF No. 1) be DENIED.

Further, the Clerk of Court is DIRECTED to amend the caption in this matter to reflect the name of Jefferson B. Sessions as Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 13, 2018**

UNITED STATES MAGISTRATE JUDGE

8